**HANIGOSKY, d. b. a. TASTY BITE SHOPPE, etc., Appellant, v. BOARD OF LIQUOR CONTROL, etc., Appellee.**

Common Pleas Court, Franklin County.

No. 195923.   Decided November 13, 1956.

John T. Feighan, Jr., Cleveland, for appellant.

C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., for appellee.

## OPINION

By BARTLETT, J.

THE ORDER OF THE BOARD OF LIQUOR CONTROL (AFFIRMING THE ORDER OF THE DIRECTOR OF LIQUOR CONTROL REJECTING THE APPLICATION OF APPELLANT FOR A C-2 PERMIT), IS HEREBY AFFIRMED AND THE APPEAL THEREFROM DISMISSED.

This is an appeal under §119.12 R. C., seeking reversal of an order of the Board of Liquor Control, affirming the action of the Director of the Department of Liquor Control in rejecting appellant's application for a C-2 (carry-out) permit.

Counsel for appellant objects that there was no showing of a "full and complete hearing," before the Director. The statutory requirement for a "full and complete hearing" is solely for the benefit of such organizations named in the statute, being the church and school in the instant case. **Meyer v. Dunifon, 88 Oh Ap 246.**

The next objection of counsel for the appellant, is to the admission of the journal entry, Exhibit C, of the Department of Liquor Control, setting forth fully the objections of the church and school authorities on which the Director of the Department based his rejection of said application. This court is of the opinion that findings in said journal entry are the best evidence that a "full and complete hearing" was afforded the organizations affected thereby, and that their objections were substantial rather than merely formal.

The journal entry affords proof that the Director had ample evidence to warrant a finding that issuing of such permit, would be detrimental to the best interests of the church and school objecting, and therefore, not "advisable." Any other approach thereto, would open the flood gates to the commercial seekers of such privileges and plant the mischief itself right on the door-steps of the churches and schools affected.

The hearing before the Director of Liquor Control is limited to the "advisability" of the issuance of the permit (§4303.26 R. C.); and this court is not required to determine the issue as to advisability of issuing the permit, but only to find whether the order of the Board, in the exercise of its discretion, upon a consideration of the entire record, "is supported by reliable, probative and substantial evidence and is in accordance with law." (Sec. 119.12 R. C.).

This court so finds and, therefore, affirms the order of the Board of Liquor Control and dismisses the appeal therefrom. Counsel for appellant may have his exceptions.